# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**November 14, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 15-0853** (McDowell County 13-F-158S)

**James B.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner James B., by counsel Floyd A. Anderson, appeals the Circuit Court of McDowell County's January 26, 2015, order sentencing him to consecutive terms of incarceration of not less than ten nor more than twenty-five years for one count of abduction of a person and not less than three nor more than ten years for one count of second-degree sexual assault, and placing him on supervised release for an additional ten years.[1] Respondent, by counsel Shannon Fredrick Kiser, filed a response. On appeal, petitioner argues that the circuit court abused its discretion in admitting testimony of petitioner's prior acts of violence against the victim and in allowing a witness to testify as to her observations of the victim.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2011, the victim ended the relationship with petitioner and packed her personal belongings in order to leave while he was asleep in the residence. Petitioner awoke while the victim was removing her belongings. He blocked the victim's escape and locked the front door of the residence. Petitioner pushed the victim to the floor and dragged her into the bedroom. He tore off the victim's clothes, pushed her onto the bed, and attempted to sodomize her. Petitioner told the victim that he would kill her if she moved from the bed. He left the room to retrieve a videotape recorder and videotaped the victim's rape. Petitioner held the victim hostage for a period of time, threatened "to kill her by raping her," and choked her. The victim ultimately escaped the residence and drove to the residence of a friend and former co-worker.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

Later in January of 2011, the victim filed for a domestic violence protective order based upon the aforementioned incident. At the hearing, the victim testified that petitioner physically held her against her will and sexually assaulted her. Petitioner admitted to holding the victim against her will and preventing her from leaving the residence.

In October of 2014, a grand jury indicted petitioner on one count of abduction of a person and one count of second-degree sexual assault. In January of 2015, the circuit court held a pretrial hearing regarding respondent's motion to use evidence pursuant to Rule 404(b) of the West Virginia Rules of Evidence.[2] At the outset of the pretrial hearing, respondent presented the audio recording of the domestic violence proceeding from January of 2011 and moved for its admission. At the pretrial hearing, the victim testified to the history of domestic violence in the relationship. According to the victim, petitioner became physically violent early in their relationship. In regard to the specific incident in question, she testified that petitioner choked her, raped her, sodomized her, and held her against her will. The victim also testified that she did not report all the instances of abuse during the relationship. The victim recounted other instances of abuse wherein petitioner attempted to smother her with a pillow, bit her on the cheek, pushed her off the front porch after she suffered a miscarriage, and threatened to kill her dog. The victim testified that she would use clothing and make-up to hide the bruising on her body and the ruptured blood vessels on her face and eyes. Respondent argued that the recording of the domestic violence hearing and the victim's testimony showed petitioner's "modus operandi and absence of mistake." At the close of the hearing, the circuit court concluded that the evidence in question was not Rule 404(b) evidence. Instead, the circuit court determined that the victim's testimony was relevant firsthand testimony regarding petitioner's crimes as charged. The circuit court also determined that respondent established by a preponderance of the evidence that the "acts did, in fact, happen" and the victim's testimony was also permissible under 404(b) because the testimony showed petitioner's motive and an absence of mistake or accident.

In January of 2015, petitioner's jury trial commenced. As part of its case-in-chief, respondent called the victim's friend and former co-worker to testify. The witness testified that she first noticed bruises on the victim sometime in late 2009 and was concerned for her safety. She also testified that the bruises she saw on the victim were "obviously not [from] a bump against the wall." Petitioner objected to the witness's statement on the basis that her statement was speculative. The circuit court sustained petitioner's objection but ruled that the witness could testify as to the bruises she observed on the victim. The witness continued to testify and stated that she observed bruises on the victim's neck and arms on several occasions. She also stated that "it would be hard to bump the inner part of your arm on the outside of a door." Petitioner again objected to the witness statement but the circuit court overruled the second objection. The witness further testified that she observed the victim's ripped clothing and chest wounds when

---

[2] Rule 404(b) of the West Virginia Rules of Evidence provides that

> [e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character . . . may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

the victim drove to her residence in January of 2011. After a two-day trial, the jury ultimately found petitioner guilty of both counts as charged in the indictment. On January 26, 2015, the circuit court entered a final order reflecting the jury's verdict. In March of 2015, petitioner filed a motion for a post-verdict judgment of acquittal or, in the alternative, a new trial on the grounds that the evidence in the case was insufficient to sustain a conviction for the offenses as charged. The circuit court denied petitioner's motion.

In July of 2015, petitioner was sentenced to a term of incarceration of not less than ten nor more than twenty-five years for one count of abduction of a person and a term of incarceration of not less than three nor more than ten years for one count of second-degree sexual assault, with those sentences running consecutively. The circuit court also placed petitioner on supervised release for an additional ten years. It is from this order petitioner now appeals.

On appeal, petitioner first argues that the circuit court abused its discretion because it admitted the evidence of petitioner's prior acts of violence and sexual assault against the victim. The Court reviews this and petitioner's other assignment of error under the following standard:

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000). Upon our review, we find no error in the circuit court's determination that the victim's testimony regarding petitioner's prior acts of violence was intrinsic evidence and that her testimony was also admissible under Rule 404(b). We have previously held that "[e]vents, declarations and circumstances which are near in time, causally connected with, and illustrative of transactions being investigated are generally considered *res gestae* and admissible at trial." Syl. Pt. 7, *State v. McKinley*, 234 W.Va. 143, 764 S.E.2d 303 (2014). As such, intrinsic evidence which is essential to the "indicted charge is not governed by Rule 404(b)." *State v. Harris*, 230 W.Va. 717, 722, 742 S.E.2d 133, 138 (2013). We have also held that prior act evidence is intrinsic when the evidence of the prior act and the crime charged are "'inextricably intertwined' or . . . 'necessary preliminaries' to the crime charged." *State v. LaRock*, 196 W.Va. 294, 312 n. 29, 470 S.E.2d 613, 631 n. 29 (1996).

Here, the victim's testimony regarding prior incidents of physical and sexual abuse was strikingly similar to petitioner's indicted charges and her testimony demonstrated his pattern of violence and abuse. The circuit court correctly determined that the victim's first-hand testimony was intrinsic and necessary "to complete the story of the crimes on trial." *State v. Dennis*, 216 W.Va. 331, 352, 607 S.E.2d 437, 458 (2004). The facts in *Dennis* are particularly similar to the facts of the case at hand. In *Dennis*, the victim testified that the defendant's behavior was controlling and possessive throughout the relationship and testified about specific incidences where he used force to keep her away from other people, covered her mouth and nose with his hand so that she could not breathe, held her captive in a house, raped her, slapped her, and hit her on the legs with a telephone cord. *Id*. at 336-38, 607 S.E.2d at 442-44. She also testified that after

she terminated the relationship, he used force to get into her car and threatened to stab her passenger in the neck with a screwdriver. *Id*. at 336, 607 S.E.2d at 442. On appeal, the defendant in *Dennis* claimed that the victim's testimony about alleged incidents occurring before his underlying indictment was not relevant to the charges before the jury, thus making the testimony inadmissible. Respondent countered by asserting that the circuit court properly determined that the challenged evidence was res gestae and admissible. The circuit court held that the challenged evidence was "'[a] part of the fabric of the underlying charge,' outside the customary Rule 404(b) procedure and analysis, making it unnecessary to conduct an in[-]camera hearing as set forth in *State v. McGinnis,* 193 W.Va. 147, 455 S.E.2d 516 (1994)." 216 W. Va. at 351, 607 S.E.2d at 457. This Court affirmed the circuit court's ruling and held that

> [w]hile the acts were not part of a "single criminal episode" or "necessary preliminaries" to the charged offenses, it is difficult to conclude that the evidence was not necessary "to complete the story of the crimes on trial" or otherwise provide context to the crimes charged. This is especially true in light of the domestic violence overlay to the pattern of behavior.

*Id*. at 352, 607 S.E.2d at 458. Similarly, the circuit court in this matter found that petitioner's history of domestic violence provided necessary context to the crimes charged. Accordingly, the circuit court in this case did not err in admitting the evidence of petitioner's prior acts of violence against the victim.[3]

Petitioner's second assignment of error is that the circuit court abused its discretion by allowing the victim's friend and former co-worker to testify that she observed bruises on the victim's body. Petitioner claims that the witness should not have been allowed to testify about her observations because she did not have knowledge of the origin of the victim's bruises, was not an expert on bruising, and observed the bruises two years prior to petitioner's indictment.

We find that the circuit court did not abuse its discretion in allowing the witness to testify. For the purpose of determining whether a witness can testify, we have generally held that "[w]hether a witness is qualified to state an opinion is a matter which rests within the discretion of the trial court and its ruling on that point will not ordinarily be disturbed unless it clearly appears that its discretion has been abused." Syl Pt. 7, *Lewis v. Mosorjak*, 143 W.Va. 648, 104 S.E.2d 294 (1958). We have further held that "the opinion of a witness is admissible in evidence if [she] had some peculiar qualification and has more knowledge of the subject than jurors are

---

[3]Furthermore, based upon the victim's pretrial testimony, petitioner's prior bad acts would have been admissible under Rule 404(b) of the West Virginia Rules of Evidence. Rule 404(b)(2) provides that evidence of crimes, wrongs, or other acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The victim's testimony regarding incidents of petitioner's past violent behavior satisfied a number of acceptable purposes set forth in Rule 404(b)(2), including proving motive, opportunity, and a lack of accident. "[I]t seems doubtful that this case could have been appropriately presented without such background information" regarding petitioner's pattern of abuse. *State v. Dennis*, 216 W.Va. 331, 352, 607 S.E.2d 437, 458 (2004).

4

ordinarily supposed to possess." *Id*. at 667, 104 S.E.2d at 305. In this case, as a friend and former co-worker, the witness was in a position to observe the victim and the bruises on her neck and arms and convey her observations to the jury. "A witness who is acquainted with a particular subject may express [her] opinion concerning it and, though not an expert and not regarded as such, [her] evidence is competent and its weight and credibility are for the jury." *Id.* at 668, 104 S.E.2d at 305. The circuit court did not abuse its discretion in admitting this evidence, as the witness simply testified to her own observations and her stated opinion that the placement of certain bruises on the victim meant that they were not accidental. The evidence was therefore admissible and it was the province of the jury to determine its weight and its credibility. For these reasons, we find no error in the circuit court's admission of the witness testimony.

For the foregoing reasons, we find no error in the circuit court's decision, and its January 26, 2015, order is affirmed.

Affirmed

**ISSUED**: November 14, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II